IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDREA NICHOLE SWISHER,<br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br>    Defendant. | )<br>)<br>)   **Case No. 3:18-cv-01356**<br>)   **District Judge Richardson**<br>)   **Magistrate Judge Frensley**<br>)<br>)<br>)<br>)<br>) |

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Pending before the court is "Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act" filed by Andrea Swisher ("Plaintiff"). Docket No. 50. Kilolo Kijakazi, Commissioner of the Social Security Administration ("SSA") ("Defendant"), filed "Defendant's Response to Plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act."[1] Docket No. 52. Plaintiff then filed "Plaintiff's EAJA Reply Brief." Docket No. 54. For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Attorney's Fees (Docket No. 50) be **DENIED**.

**II.    BACKGROUND**

Plaintiff filed a claim for Disability Insurance Benefits ("DIB") with SSA on July 26, 2016. Docket No. 27, p. 1. SSA denied Plaintiff's claim initially and upon reconsideration. *Id*. at 2. An Administrative Law Judge ("ALJ") also denied Plaintiff's claim for DIB on May 7, 2018. *Id*. Plaintiff requested a review of the ALJ's decision, but the Appeals Council declined to review this

---

[1] Plaintiff initially named Andrew Saul, Commissioner of Social Security Administration, as a defendant; however, Mr. Saul has since been replaced by Ms. Kijakazi, who is now the Commissioner."

case, which rendered the ALJ's decision the final decision of SSA. *Id*. at 3.

Plaintiff then filed a civil action in the Middle District of Tennessee on December 7, 2018, asking the Court to reverse the ALJ's decision and award Plaintiff DIB, or alternatively, remand the claim for further consideration. Docket No. 1, p. 2. The undersigned ultimately found that substantial evidence supported the ALJ's decision and recommended that Judge Richardson deny Plaintiff's claim for DIB and affirm the decision of the ALJ. Docket No. 27, p. 27. Plaintiff then filed an Objection to this Court's Report and Recommendation. Docket No. 32. Defendant filed a Response to the Objection (Docket No. 34), and Plaintiff filed a Reply (Docket No. 39). Before the Objection had been ruled on, Defendant filed a Motion to Stay the proceedings (Docket No. 40) pending the outcome of the Sixth Circuit's decision in *Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537 (6th Cir. 2020). Plaintiff did not oppose Defendant's Motion to Stay. Docket No. 42. Judge Richardson granted the Motion to Stay on September 23, 2020. Docket No. 43.

After *Carr v. Saul*, 141 S. Ct. 1352 (2021), was decided, Defendant filed a "Motion for Entry of Judgment Under Sentence Four, 42 U.S.C. § 405(g)" on May 10, 2021. Docket No. 46; Docket No. 47, p. 1. Defendant asked the Court to "enter judgment reversing and remanding this case to the Commissioner for further action." Docket No. 46, p. 1. On May 11, 2021, Judge Richardson granted Defendant's Motion, reversed the judgment, and remanded the case for further proceedings. Docket No. 48, p. 2. Judge Richardson also terminated other pending motions before him. *Id*. The Clerk of Court entered judgment in this case on May 11, 2021. Docket No. 49. Now, Plaintiff is moving for $16,600.00 in attorney's fees for work associated with the case at bar. Docket No. 50, p. 3.

III. LAW AND ANALYSIS

28 U.S.C. § 2412(d)(1)(A) states:

2

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

In turn, the Court will consider whether Plaintiff was the prevailing party, whether the government's decision was substantially justified, and whether special circumstances existed that would make awarding attorney's fees unjust. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006).

### a. Prevailing Party

The first element under § 2412(d)(1)(A) requires the party moving for attorney's fees to have prevailed over the United States. In this case, Plaintiff did prevail over SSA, an agency of the United States. *See* Docket No. 48, p. 2; Docket No. 49. After *Carr* had been decided by the Supreme Court, Defendant filed a motion to reverse the judgment of this Court and remand the case to SSA. Docket No. 46; Docket No. 47. Thus, when the Clerk of Court entered judgment on May 11, 2021, reversing and remanding the case, Plaintiff became the prevailing party. Docket No. 49. Neither party disputes that Plaintiff is the prevailing party. Docket No. 52, p. 6.

### b. Substantial Justification

The position of the United States is substantially justified if such a position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of proving that its position was substantially justified by demonstrating that its position had a "reasonable basis in both law and fact." *Delong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (quoting *Pierce*, 487 U.S. at 565); *Glenn v. Comm'r*

3

*of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) (quoting *Pierce*, 487 U.S. at 565).

Courts will consider both the United States' litigation position as well as the United States' "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *see Delta Eng'g v. United States*, 41 F.3d 259, 261-63 (6th Cir. 1994). Accordingly, courts in the Sixth Circuit will consider the government's position "as a whole" because it is plausible that a part of the government's position may have merit while part of the government's position may not. *EEOC v. Memphis Health Ctr.*, 526 F. App'x 607, 615 6th Cir. 2013) (citing *United States v. Heavrin*, 330 F. 3d 723, 731 (6th Cir. 2003)).

Additionally, Sixth Circuit courts primarily consider the merits of the government's position, but they will also consider other objective indicators of reasonableness like dissenting opinions, other courts' opinions, and strings of either successes or losses. *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 563 (6th Cir. 2021) (citing *Pierce*, 487 U.S. at 569).

Defendant argues that Plaintiff did not raise an Appointments Clause challenge at any point during the administrative proceedings, and as a result, Plaintiff forfeited the Appointments Clause challenge by not raising the issue at the administrative level. Docket No. 52, p. 6. Defendant asserts that no settled law required the ALJ or the Appeals Council to raise an Appointments Clause challenge *sua sponte*. *Id*. at 7. Thus, Defendant maintains that her pre-litigation position was substantially justified. *Id*.

Defendant further argues that her litigation position was substantially justified because the Commissioner had raised the Appointments Clause challenge forfeiture issue in court before the Sixth Circuit decided *Ramsey*, 973 F.3d 537. Docket No. 52, p. 7. Defendant contends that the Appointments Clause challenge was an issue of unsettled law, that most district courts that had faced similar Appointments Clause challenges had rejected such challenges where the plaintiff did

4

not raise the issue at the administrative level, and that this Court previously found that Plaintiff had forfeited an Appointments clause challenge. *Id*. at 8. Accordingly, Defendant submits that "a string of successes" litigating her Appointments Clause argument indicates that her position was substantially justified. *Id*. at 8-9 (citation omitted).

Finally, Defendant argues that her position regarding the merits of Plaintiff's DIB claim was substantially justified. *Id*. at 10. Defendant emphasizes that Judge Richardson "remanded the case solely on the Appointments Clause challenge." *Id*. On the merits, Defendant maintains that substantial evidence supported the ALJ's residual functional capacity determination and "the ALJ's evaluation of the medical opinion evidence." *Id*. at 10, 12. Defendant cites to this Court's Report and Recommendation (Docket No. 27) as additional support that her position on the merits was substantially justified. *Id*. at 10.

Plaintiff responds that SSA "misled this disability claimant about the nature of her hearing." Docket No. 54, p. 4. Plaintiff cites to 20 C.F.R. §§ 404.900(b) and 416.1400(b) as evidence that ALJ hearings are supposed to be informal and non-adversarial. Docket No. 54, p. 3. Plaintiff avers that SSA's position that the ALJ hearing was so formal that any constitutional right not affirmatively raised at the hearing was then forfeited by Plaintiff was not substantially justified. *Id*. Plaintiff contends that her hearing should have been informal and non-adversarial but was not. *Id*. Plaintiff argues that she only forfeited the Appointment Clause challenge but maintains that forfeiting a challenge does not extinguish the constitutional right. *Id*. at 5.

Plaintiff offers a timeline of events that she contends demonstrates why Defendant's position in this matter was not substantially justified. *Id*. at 5-9. First, Plaintiff asserts that Defendant refused to adopt an issue exhaustion regulation after the Supreme Court invited SSA to do so after deciding *Sims v. Apfel*, 530 U.S. 103 (2000). Docket No. 54, p. 5. Then, Plaintiff points

5

to Judge McKay's dissent in *Bandimere v. SEC*, 844 F.3d 1168, 1199 (10th Cir. 2016), in which Judge McKay opines that the *Bandimere* holding regarding improper appointment of SEC ALJs would also apply to SSA ALJs. Docket No. 54, p. 6. Plaintiff contends that this dissent put Defendant on notice regarding the issue of ALJ constitutionality within SSA. *Id*. Additionally, Plaintiff argues that SSA began tracking Appointments Clause challenges in January of 2018 but "did nothing to appoint its ALJs properly." *Id*. Plaintiff explains that after the Supreme Court decided *Lucia v. SEC*, 138 S. Ct. 2044 (2018), the Solicitor General issued a memorandum stating that although the *Lucia* holding was narrowly applied to SEC ALJs, the reasoning of the *Lucia* opinion would have a broader application. Docket No. 54, p. 7. Plaintiff avers that SSA began to legally appoint its ALJs on July 16, 2018, which was several months before the Appeals Council denied Plaintiff's request for review. *Id*. at 8. Ultimately, Plaintiff contends that Defendant violated Plaintiff's constitutional rights because Defendant was "unquestionably aware" that the ALJ's decision was reached in an unconstitutional manner and that neither the ALJ nor the Appeals Council possessed any authority to grant relief to a claimant on an Appointments Clause challenge. *Id*. at 8-9.

Moreover, Plaintiff argues that Defendant should have stopped defending this case after SSA issued SSR 19-1p, an SSA policy statement saying that claimants can still obtain relief even if they did not raise the Appointments Clause challenge before an ALJ. Docket No. 54, p. 10. Plaintiff offers three cases out of the Eastern District of Pennsylvania that awarded Plaintiff attorney's fees under EAJA after the Court found that SSA's position was not substantially justified with regards to an Appointment Clause challenge. *Id*. Plaintiff also argues that Defendant violated SSA policy by pursuing an administrative forfeiture defense without also pursuing a substantive defense as alluded to in a letter sent by General Counsel for SSA in 1999. *Id*. at 11.

6

Finally, Plaintiff argues that this Court need not even address the Appointments Clause issue because Defendant's position defending the merits of the ALJ's finding was not substantially justified. *Id*. at 13. Plaintiff highlights all the ALJs alleged errors on the merits of Plaintiff's DIB claim. *Id*.

As stated in the Report and Recommendation, "this [C]ourt is persuaded by cases from district courts within the Sixth Circuit." Docket No. 27, p. 10. On the issue of whether SSA was substantially justified in defending Appointments Clause challenges prior to the *Carr* decision, the Court finds that the following cases are persuasive: *Fortin v. Comm'r of Soc. Sec.*, No. 18-10187, 2022 U.S. Dist. LEXIS 67088, at *22-23 (E.D. Mich. Apr. 11, 2022); *Stamper v. Kijakazi*, No. 7:19-95-JMH, 2022 U.S. Dist. LEXIS 206, at *6 (E.D. Ky. Jan. 3, 2022), *Sisk v. Comm'r of Soc. Sec.*, No. 3:19-cv-00342, 2021 U.S. Dist. LEXIS 228177, at *9 (M.D. Tenn. Nov. 29, 2021), *Schrader v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 217261, at *6 (E.D. Mich. Nov. 10, 2021), and *Rager v. Saul*, No. 1:19-CV-00140-H, 2021 U.S. Dist. LEXIS 20566, at *9 (W.D. Ky. Feb. 2, 2021). The Court has not uncovered any Sixth Circuit cases finding that SSA was not substantially justified in its position on Appointments Clause challenges. Plaintiff cites to three cases out of the Eastern District of Pennsylvania that ruled that the Commissioner of Social Security was not substantially justified in her position, but here, as in *Fortin*, Plaintiff does not analyze any case law that holds that SSA's position was substantially justified in defending Appointments Clause challenges. 2022 U.S. Dist. LEXIS 67088, at *22 (citations omitted).

Regarding Defendant's pre-litigation position, Defendant states, and Plaintiff does not dispute, that Plaintiff failed to raise any Appointments Clause challenge during the administrative proceedings. Docket No. 52, p. 3. In accordance with other Sixth Circuit district court precedent, Defendant's pre-litigation position that Plaintiff forfeited the Appointments Clause challenge by

7

not raising it at the administrative level is substantially justified because Defendant did not have a duty to raise the issue sua sponte at the administrative level. *Fortin*, 2022 U.S. Dist. LEXIS 67088, at *9; *Sisk*, 2021 U.S. Dist. LEXIS 228177, at *6; *Schrader*, 2021 U.S. Dist. LEXIS 217261, at *6.

The Court next considers objective indicators of reasonableness that may support Defendant's litigation position. When the parties argued the Appointments Clause issue during Plaintiff's Motion for Judgment on the Record (Docket No. 18) and on Objection to the Report and Recommendation, the Sixth Circuit had not decided *Ramsey*, and the Supreme Court had not decided *Carr*. Thus, the Appointments Clause challenge was an issue of unsettled law for the Court. Additionally, when *Ramsey* was decided, Judge Siler dissented saying that claimants who fail to object to the ALJs at the administrative level forfeit their challenges on the issue. 973 F.3d at 547-48. Moreover, SSA's position on the Appointments Clause challenge was successful in the Eighth and Tenth Circuits, indicating that its position has had a string of success. *See Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020); *Carr v. Comm'r of Sec. Soc.*, 961 F.3d 1267 (10th Cir. 2020). Defendant has also highlighted thirty-four district courts that rejected a claimant's Appointment Clause challenge when the claimant failed to raise the challenge at the administrative level. Docket No. 52, p. 8; Docket No. 24, pp. 11-13. These are all objective indicators of reasonableness that weigh in favor of finding that Defendant's position was substantially justified. *Griffith*, 987 F.3d at 563. Moreover, these objective indicators demonstrate that this case represents one where the government lost because the Supreme Court unfavorably resolved an unsettled question of law, not an instance where "the government lost because it vainly pressed a position flatly at odds with the controlling case law." *Id*. at 564 (internal quotations and citations omitted).

Turning to Plaintiff's timeline of events, the Court finds that Plaintiff's reliance on Judge

McKay's dissent in *Bandimere*, 844 F. 3d at 1199, is misplaced because a dissent is not binding on any court or agency. The dissent may have alerted SSA to the possibility that the unconstitutionality of some appointments may apply to SSA, but the dissent hardly put SSA on notice that these future decisions were certainly coming. Furthermore, Plaintiff's contention that SSA knew that its actions were unconstitutional after *Lucia* and a memo by the Solicitor General are "inapposite" with Defendant's litigation position. *Sisk*, 2021 U.S. Dist. LEXIS 228177, at *9. As Judge Trauger explained, the issue is neither the unconstitutionality of appointments nor SSA's knowledge of the unconstitutionality of appointments; the issue is whether Defendant's position on forfeiture was substantially justified. *Id*. The undersigned finds that it was.

With regards to Plaintiff's SSR 19-1p argument, SSR 19-1p is not entirely relevant to the case at bar. SSR 19-1p sets forth new policies regarding Appointments Clause challenges that occur at the administrative level. At the time this Notice was issued, *Carr* had not been decided, so, as stated above, Defendant was litigating a viable position as to Appointments Clause challenges. Also, as this Court noted before, SSR 19-1p is not as unambiguous as Plaintiff claims, and as a result, SSR 19-1p does not create the contradiction that Plaintiff alleges because SSR 19-1p still requires a claimant to raise the Appointments Clause challenge at the administrative level. Docket No. 27, p. 8, n. 2.

Likewise, Plaintiff's reference to the letter from SSA's General Counsel Arthur J. Fried as support for Plaintiff's position that SSA violated its own policy by not offering a substantive defense is ineffective. Similarly to *Fortin*, Plaintiff:

> [D]oes not cite any authority indicating that this letter had been formalized as an official agency policy, as opposed to an aspirational goal. Nor has [s]he cited any authority indicating that the violation of an informal policy alone could strip a contrary position of its reasonable basis in law and fact, particularly where that contrary position has been approved widely by various federal

9

courts.

2022 U.S. Dist. LEXIS 67088, at *21. Thus, both of these attempts to show that Defendant's position was not substantially justified fail.

The two cases that Plaintiff offers in support of her contention that SSA violated her constitutional rights do not provide the support that Plaintiff seeks. *Yang v. Shalala*, 22 F.3d 213 (9th Cir. 1994), and *Morgan v. Perry*, 142 F.3d 670 (3d Cir. 1998), both concern violations of a plaintiff's Due Process rights, not the Appointments Clause. Additionally, Plaintiff's explanatory parenthetical for *Morgan* indicates that *usually* a violation of a constitutional right will preclude a finding that the government was substantially justified. Docket No. 54, p. 4 (emphasis added). Beyond that, as Judge Lawson explains, the Commissioner is not defending a violation of constitutional rights; the Commissioner is simply arguing that Plaintiff forfeited her right to raise an Appointments Clause challenge by not doing so timely. *Fortin*, 2022 U.S. Dist. LEXIS 67088, at *17.

Plaintiff asserts that the nature of SSA hearings is to be informal and non-adversarial. Docket No. 54, p. 3; 20 C.F.R. § 404.900(b). However, in *Carr*, the Supreme Court suggested that there is a certain adversarial component to an ALJ hearing, even if the hearing is not adversarial enough to warrant "imposing an issue-exhaustion requirement." 141 S. Ct. at 1360. Given the timing of Defendant's litigation position and other objective indicators of reasonableness, Defendant was substantially justified is pursuing an issue-exhaustion requirement because this was an unsettled part of the law.

Because this Court must review Defendant's position as a whole, the Court will also consider the merits issue in this case. However, both parties only summarily brief this issue. Docket No. 52, pp. 10-12; Docket No. 54, pp. 12-13. This Court stands behind its Report and

10

Case 3:18-cv-01356 Document 56 Filed 07/18/22 Page 10 of 12 PageID #: 2581

Recommendation (Docket No. 27) on Plaintiff's Motion for Judgment on the Record (Docket No. 18) because substantial evidence supported the ALJ's findings. Thus, Defendant's position regarding the merits of the ALJ's decision was also substantially justified.

Ultimately, Defendant met her burden in proving that Defendant's position as a whole was substantially justified. In keeping with other precedent stemming from district courts in the Sixth Circuit, this Court finds that because the second element of 28 U.S.C. § 2412(d)(1)(A) is not satisfied, Plaintiff is not entitled to attorney's fees.

### c. Special Circumstances

If a party does not make arguments or comments about special circumstances, Sixth Circuit courts will not consider this factor as part of their analysis under a motion for EAJA fees. *Delong*, 748 F.3d at 725.

In contesting Plaintiff's Motion for Attorney's Fees, Defendant excludes any special circumstances that would warrant not awarding attorney's fees to Plaintiff. Plaintiff emphasizes that Defendant has not offered any special circumstances, but Plaintiff suggests that Defendant's substantial justification defense is a special circumstances defense. Docket No. 54, p. 2. Nevertheless, Plaintiff reiterates that Defendant disavowed any special circumstances defense in favor of a substantial justification defense, but Plaintiff argues that both defenses fail and that EAJA fees should be awarded. *Id*. at 2.

Because Defendant fails to raise any special circumstances that would warrant not awarding attorney's fees, the Court will assume that no special circumstances exist. However, the Court need not address this element because the government's position in this litigation was substantially justified.

### d. Reasonableness of Plaintiff's Request for Attorney's Fees

The Court need not address the reasonableness of Plaintiff's request for Attorney's Fees because Defendant's position in this matter was substantially justified. Because Defendant met her burden under 28 U.S.C. § 2412(d)(1)(A), the Court will not award attorney's fees.

### IV. CONCLUSION

For the aforementioned reasons, the undersigned recommends that Plaintiff's Motion for Attorney's Fees (Docket No. 50) be **DENIED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**